UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
MACLIFF WOODLEY,

                        Plaintiff,

     - against -

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
DETECTIVE HARVEY at the 79th
PRECINCT DETECTIVE SQUAD and
"JOHN DOES" – Police Department Officers
whose names are not yet known or identified,

                      Defendants.
----------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

CV-09-5709 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 28 2010 ★
BROOKLYN OFFICE

**COGAN**, District Judge.

Plaintiff brings this action under 42 U.S.C. § 1983 asserting claims for malicious prosecution and a deprivation of liberty without due process of law in connection with a defamatory "Wanted" poster accusing him of murder ("stigma-plus" claim). Defendants have moved to dismiss plaintiff's stigma-plus claim on the basis that it is time-barred. For the reasons provided below, defendants' motion is granted.

## BACKGROUND

On or about May 5, 2006, plaintiff learned that "Wanted" posters accusing him of murder and containing his image, last known address, and describing him as "armed and dangerous" were being circulated in Brooklyn in connection with a homicide that took place on March 9, 2006. Plaintiff was thereafter arrested for murder and attempted murder on May 23, 2006. After a lengthy trial, he was acquitted of all charges on September 12, 2008.

On December 30, 2009, plaintiff commenced the present action. The complaint is vague as to what claims he is asserting against defendants. He appears to bring claims for false arrest, malicious prosecution, negligence, and a stigma-plus claim based on the dissemination of the "Wanted" poster. As to the stigma-plus claim, the complaint does not indicate whether the arrest, prosecution, or defendants' negligence, or some combination of them, constitute the "plus."

At the initial status conference, plaintiff conceded that his false arrest claim was time-barred and indicated that he was only going to pursue his malicious prosecution and stigma-plus claims. He stated that his stigma-plus claim was predicated upon the malicious prosecution that stemmed from defendants' distribution of the "Wanted" poster accusing him of murder.

## DISCUSSION

In the present case, both parties agree that the applicable statute of limitations for a § 1983 claim arising in New York is three years, Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (citing Owens v. Okure, 488 U.S. 235, 250-51, 109 S. Ct. 573 (1989)); however, they disagree as to the date plaintiff's stigma-plus claim accrued. Defendants contend it accrued when plaintiff first suffered a valid "plus" – the date he was falsely arrested. Plaintiff maintains, in contrast, that the valid "plus" is the termination of his malicious prosecution, which did not occur until he was acquitted of all charges. Obviously, plaintiff needs to rely on his acquittal as the date of accrual of his claim because any potential earlier accrual date would render his claim time-barred.

Federal law governs when claims brought under § 1983 accrue. "[T]he statute of limitations begins to run once the plaintiff knows of the injury on which the claim is based."

Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997). For stigma-plus claims, which require a plaintiff to establish both governmental defamation and some "material state-imposed burden or state-imposed alteration of [his] status or rights," Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004), a plaintiff's cause of action will not accrue until he has suffered both a valid "stigma" and a valid "plus," Doe v. Dep't of Pub. Safety ex rel. Lee, 271 F.3d 38, 53-56 (2d Cir. 2001), rev'd on other grounds, Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1, 123 S. Ct. 1160 (2003); see also Brevot v. N.Y. City Dep't of Educ., 299 F. App'x 19, 20 (2d Cir. 2008). It is not necessary for a plaintiff to have suffered all possible injuries before his stigma-plus claim accrues; rather, a claim accrues even if some of the consequences of the stigmatizing allegations are potential and contingent. See, e.g., Brevot v. N.Y. City Dep't of Educ., No. 04-Civ-7959, 2007 WL 690130, *7 (S.D.N.Y. Mar. 6, 2007) (holding plaintiff's stigma-plus claim would have been ripe for adjudication when she was first placed on the Ineligible List, "even if she had not yet suffered any actual loss of employment as a result" of being placed on the list); Donato v. Plainview-Old Bethpage Cent. Sch. Dist., 96 F.3d 623, 632 (2d Cir. 1996) (stigma-plus test satisfied where "[p]otential future employers undoubtedly will consult plaintiff's prior employer" and learn of stigmatizing statements).

Plaintiff attempts to avoid the statute of limitations by contending that the "plus" is the termination of his malicious prosecution, which did not occur until he was acquitted. His argument is based on two assertions. First, plaintiff claims that the malicious prosecution should be the valid "plus" because truth is a defense to defamation, and his acquittal establishes the falsity of the "Wanted" poster. However, in asserting a stigma-plus claim, a plaintiff needs "only to allege, not prove, that the statement is false in order to establish a due process right to the hearing he seeks." Doe, 271 F.3d at 48; Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir.

2004) (noting that the function of the hearing to which plaintiff claims an entitlement is the proper forum for determining the falsity of the statement). Even if we were to assume that plaintiff had to prove that the statement was false, he did not need an acquittal to do that. In most defamation cases, the truth is determined within the context of that particular case – not by relying on a decision in another case. If plaintiff was not a murderer, he could have proved that the "Wanted" poster was false even if he had never been tried in a separate criminal proceeding.

Second, plaintiff attempts to invoke the deferred accrual rule established in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), which provides that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [set aside]." Id. at 486-87 (footnote omitted).[1] However, plaintiff's reliance on Heck is misplaced because the rule is "called into play only when there exists a conviction or sentence that has *not* been ... invalidated, that is to say, an outstanding criminal judgment." Wallace v. Kato, 549 U.S. 384, 393, 127 S. Ct. 1091 (2007) (alterations in original) (internal quotation marks omitted). Plaintiff in this case was never convicted.

Furthermore, although the Supreme Court in Heck analogized the plaintiff's claim to that of malicious prosecution, that case did not involve a stigma-plus claim. This is a key distinction because unlike a malicious prosecution claim, which does not accrue until criminal proceedings have terminated in the plaintiff's favor, Heck, 512 U.S. at 489, a stigma-plus claim accrues once the plaintiff has suffered the *potential* consequences of the stigmatizing allegations, not the

---

[1] Plaintiff also relies on Woods v. Candela, 47 F.3d 545 (2d Cir. 1995), which is a one-page decision issued by the Second Circuit on remand from the Supreme Court for reconsideration in light of Heck. As Woods stands for the same proposition as Heck, this Court will only discuss the applicability of Heck to the case at bar.

*actual* consequences, Brevot, 2007 WL 690130, at *7; Donato, 96 F.3d at 632. Plaintiff appears to be resting his stigma-plus claim on the malicious prosecution in order to adopt its accrual date, without indicating how his false arrest was insufficient to trigger the statute of limitations, or providing a legal basis for tolling the statute until he was aware of all possible injuries.

Plaintiff is in essence cherry-picking which liberty interest he wants to rely on in order to save his claim from being barred by the three-year statute of limitations. In his complaint, plaintiff indicated that the "Wanted" poster was the factual predicate for all of his injuries and the basis for his claims of false arrest, malicious prosecution, negligence, and stigma-plus. His failure to originally denote what constitutes the "plus" does not change the fact that he first suffered a deprivation of liberty when he was arrested. Nor is plaintiff able to select an alternative "plus" upon his realization that his false arrest claim is time-barred. If plaintiff were permitted to abstain from bringing his cause of action "when the wrongful act or omission result[ed] in damages .... even though the full extent of the injury [was] not then known or predictable," the statute of limitations "would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." Wallace, 549 U.S. at 391. A plaintiff is not permitted to manipulate the statute of limitations in such a fashion.

The trigger for the "plus" in a stigma-plus claim is when governmental defamation implicates a liberty interest that results in the termination or loss of some legal right or status. See, e.g., Hall v. Marshall, 479 F. Supp. 2d 304, 318 (E.D.N.Y. 2007) (finding plaintiff's stigma-plus claim did not accrue on the date the inaccuracy was placed in his rap sheet, but rather when he was "confronted with the possible denial of a tow-truck license"). In this case, plaintiff became aware that the "Wanted" poster displaying his likeness and accusing him of murder

implicated a liberty interest when he was first arrested. Although plaintiff might not have known the extent of his injuries, he was clearly aware of the factual basis upon which he predicates his stigma-plus claim at the time of his arrest. This Court therefore finds that plaintiff's stigma-plus claim accrued on the date of his false arrest and is time-barred.

## CONCLUSION

Defendants' motion to dismiss plaintiff's stigma-plus claim is granted. The case will proceed solely on plaintiff's malicious prosecution claim

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
      April 28, 2010